# ADDENDUM B
# (PSEUDO-)HARASSMENT CASE
# COMPLAINT / AFFIDAVIT / HPO

The three documents in this Add. B were written/filed/issued on **Mon-Tue Jan 17-18 2022** (though I didn't receive them all at that time):

> *(i)* **Harassment Complaint** (1 page), written by the Haleys, submitted to Superior Court (Woburn) Magistrate Martha Brennan and to Judge Mulligan. See ¶24. I received it only *much later,* as part of discovery, on Aug 2 2023.

> *(ii)* **Harassment Affidavit** (2 pages), written by the Haleys, accompanying the Complaint. See ¶30. I received it on Jan 24 2022.

> *(iii)* **Harassment Prevention Order (HPO)** (1 page), issued by Judge Mulligan. See ¶24. I received it on Jan 18 2022.

As we all now know (as indicated herein *passim,* and as was finally officially adjudged by the Superior Court Judge Budreau, ¶40), all these materials are utterly/facially bogus/false *ab initio,* in the sense that they **"don't even come close"** (in Judge Budreau's own words) to satisfying the MGL Ch. 258E definition of Harassment ("fighting words or true threats," per First Amendment, see ¶36), and hence the whole Harassment Case was a fraud/hoax from its very conception (but the many co-Conspiring Defendants joined the fraud/hoax nonetheless). **Notably:** the Affidavit's 2nd-3rd bullet-points contain **egregious blatant lies,** as explained in fn. 80.

*Terminology notice:* Due to my unfamiliarity with the legalities of this Add. B's materials at the time of events, in my earlier writings (preceding the filing of this instant Complaint) I spoke/wrote of the (Pseudo-)Harassment's "Complaint+Affidavit" incorrectly, conflating/confusing the Complaint with the HPO (items (i)+(iii) in this list) — whereas, I *should* have called that "HPO+Affidavit" instead. I have corrected the terminology in this Complaint, wherein the terminology "Complaint+Affidavit" now correctly refers to items (i)+(ii) in this list.

<table>
<tr><td colspan="3"><b>COMPLAINT FOR PROTECTION FROM HARASSMENT</b><br>G.L. c. 258E</td><td>DOCKET NO. <i>(for court use only)</i><br>22-268</td><td colspan="2"><b>Massachusetts Trial Court</b></td></tr>
</table>

**A** | ☐ BOSTON MUNICIPAL COURT | ☐ DISTRICT COURT | ☐ JUVENILE COURT | ☑ SUPERIOR COURT | DIVISION

**B** | NAME OF PLAINTIFF *(person seeking protection)* | NAME OF DEFENDANT *(person accused of harassment)*
Autumn Haley | Walt Tuvell

**C**

I am: ☐ 18 or older ☐ 17 ☑ 16 or younger
The Defendant is: ☑ 18 or older ☐ 17 ☐ 16 or younger

☑ I am under the age of 18 and _Chris Haley_,
my _Father_ *(relationship to Plaintiff)*,
has filed this Complaint for me.

Are there any prior or pending actions involving the plaintiff and the defendant, including any court actions or administrative or disciplinary proceedings? ☑ NO ☐ YES
*If so, list court or organization, type of action, date and docket no. (if available).*

**D**

I SUFFERED HARASSMENT WHEN:

☑ on or about *(dates)* _4/15/21 — 1/13/22_ the Defendant committed 3 or more acts of willful and malicious conduct aimed at me which were committed with the intent to cause fear, intimidation, abuse or damage to property and did in fact cause fear, intimidation, abuse or damage to property.

☐ on or about *(date)* _____ the Defendant by force, threat or duress caused me to involuntarily engage in sexual relations.

☐ on or about *(date)* _____ the Defendant committed against me an act that constitutes a violation of one of the following statutes: G.L. c. 265, §§ 13B, 13F or 13H (indecent assault and battery), 22 or 22A (rape), 23 (statutory rape), 24 or 24B (assault with intent to rape), 26C (enticing a child), 43 (criminal stalking) or 43A (criminal harassment), or G.L. c. 272, § 3 (drugging for sexual intercourse).

FILED
OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JAN 18 2022
CLERK

**E**

THEREFORE, I ASK THE COURT:

☑ 1. to order the Defendant not to abuse me by physically harming me, attempting to physically harm me, or placing me in fear of imminent serious physical harm, and to stop harassing me (1) by any willful and malicious conduct aimed at me and intended to cause fear, intimidation, abuse or damage to property, or (2) by using force, threat or duress to make me engage in sexual relations unwillingly, or (3) by committing against me any act that constitutes a violation of any of the following statutes: G.L. c. 265, §§ 13B, 13F or 13H (indecent assault and battery), 22 or 22A (rape), 23 (statutory rape), 24 or 24B (assault with intent to rape), 26C (enticing a child), 43 (criminal stalking) or 43A (criminal harassment), or G.L. c. 272, § 3 (drugging for sexual intercourse).

☑ 2. to order the Defendant not to contact me, unless authorized to do so by the Court.

☑ 3. to order the Defendant to remain away from my residence *(as listed on the PLAINTIFF CONFIDENTIAL INFORMATION FORM).*

☑ 4. to order the Defendant to remain away from my workplace *(as listed on the PLAINTIFF CONFIDENTIAL INFORMATION FORM).*

☐ 5. to order the Defendant to pay me $_____ in compensation for the following losses suffered as a direct result of the harassment:

_____

_____

☑ 6. to order the relief I have requested, except for compensation for losses suffered, without advance notice to the Defendant because there is a substantial likelihood of immediate danger of harassment. I understand that, if the Court issues such a temporary Order, the Court will schedule a hearing within 10 court business days to determine whether such a temporary Order should be continued, and I must appear in court on that day if I wish the Order to be continued.

| Please complete the AFFIDAVIT on the reverse of this page, the PLAINTIFF CONFIDENTIAL INFORMATION FORM, and the DEFENDANT INFORMATION FORM. | DATE 1/16/22 | PLAINTIFF'S SIGNATURE  x |

This is a request for a civil order to protect the Plaintiff from future abuse or harassment. The actions of the Defendant may also constitute a crime subject to criminal penalties. For information about filing a criminal complaint, you may talk with the District Attorney's Office for the location where the alleged harassment occurred.

HA-1 (8/10)

COURT COPY

| **AFFIDAVIT** | Describe in detail the most recent incidents of harassment. If the harassment consisted only of conduct that was willful and malicious, but was not a violation of the listed criminal statutes, you must describe at least three separate incidents of such harassment. The Judge requires as much information as possible, such as what happened, each person's actions, the dates, locations, any injuries, and any medical or other services sought. Also describe any history of harassment, with as much of the above detail as possible. Note: Unless the Court allows a motion to impound, this affidavit will be public record, including any names or specific addresses included in the affidavit. |
|---|---|

**On or about** 04/15/2021 *(date)*, **the Defendant:**

• 4/15/21 an update was published on a website (Readingma.us) owned by the Defendant, contained links to emails obtained from Reading Public Schools via a public records request ("PRR request") emailed to the Defendant from a 3rd party. Included in these emails were unredacted emails containing my daughter Autumn's confidential medical information and the confidential medical information of other Reading Public Schools children. The former Superintendent reached out to the Defendant on 4/17/21 to have them removed, because some of the emails that were released contained confidential information that should never have been released, because there was no parental consent to release that confidential information. The former Superintendent explained to Defendant that the un-redacted emails were released in error.

• 5/1/21 the files on Defendant's website were finally redacted to remove some of the confidential information, but only after 2415 people had an opportunity to download those files that contained confidential information. In doing the redaction, the Defendant completely blacked out my daughter's name and medical condition. This matters later in the dates below.

• 7/22/21 – 8/9/21 between those dates, the Defendant changed my daughter's redaction to expose certain information – again. Specifically, the Defendant went from completely blacking out both her name and the reference to her Neuropsychiatric Evaluation, to changing the redaction such that only her name was blacked out. The Defendant, thus maliciously un-redacted the Neuropsychiatric Evaluation which was previously redacted. Effectively, this again revealed confidential information, namely a Neuropsychiatric Evaluation that could easily be linked to my daughter by name, because it was only one of three redactions made.

• 8/9/21 the Defendant sent an email to the email addresses of the Reading Select Board email (I am a member of that board), the Reading School Committee and over a dozen other BCC'd individuals, where this BCC group ranges from Reading residents to local newspapers. This email related to my discussion at the 7/22/21 School committee meeting, regarding the above-mentioned release of confidential emails. The Defendant, in his email, expressly informed all recipients about my daughter's medical condition being 1 of 3 recently unredacted emails on his website and referenced the 3 medical conditions by name. While it is difficult to understand the Defendant's motivation in any of his actions, it appears that the Defendant's deliberate "un-redaction" of my daughter's medication condition on his website, which he had previously left redacted, was with a specific purpose. For example, the Defendant might have done so in response to my speaking at the 7/22/21 school committee meeting. The Defendant also might have "un-redacted" the information he had previously redacted, to fit the narrative he put in his email to over a dozen people on his BCC list. Upon information and belief, my daughter's name and medical condition sat completely redacted on Defendant's website from 5/1/21 (as noted above) until sometime between 7/22/21 and 8/9/21, the date Defendant sent the email.

• 8/13/21 I received a letter from the current Superintendent of Reading Public Schools addressed to the Parents/Guardian of Autumn Haley, my daughter.

• 8/20/21 the Defendant sent an email to the newspaper, containing a link to the email described above from the 8/9/21 bullet. I had to call the newspaper to have them remove the link containing my daughter's medical info. It was ultimately published without the direct link to the email, but the Defendant's website was indeed in the article.

• 12/1/21 the Defendant filed a Public Records Request for the letter referenced on the 8/13/21 bullet above.

• 12/13/21 that request was fulfilled by the Superintendent but stated: "Please note that I cannot provide the attachment as those attachments are protected under state and federal student records laws and regulations."

• 12/14/21 the Defendant filed an appeal to obtain the previously denied student record attachments of my daughter and included a family photo of ours in the email chain to the numerous BCC'd recipients.

• 12/23/21 the request once again was fulfilled by the Superintendent but stated again: "I am not providing the requested attachments as I am prohibited from providing those due to the fact that they contain student specific information, and they are protected from disclosure to unauthorized third parties under state and federal student records laws and regulations."

If more space is needed, attach additional pages and check this box: ▣

**I declare under penalty of perjury that all statements of fact made above, and in any additional pages attached are true.**

| DATE SIGNED | PLAINTIFF'S SIGNATURE | |
|---|---|---|
| 01/17/2022 | | |
| WITNESSED BY | PRINTED NAME OF WITNESS | TITLE OF WITNESS |
| | Amanda Haley | Stepmother |
| ☐ If this box is checked, this form was completed by a police officer with information provided by the Plaintiff. | SIGNATURE OF OFFICER | PRINTED NAME/TITLE OF OFFICER |

**I have transcribed the above affidavit for the Plaintiff.**

| TRANSCRIBER'S SIGNATURE | PRINTED NAME OF TRANSCRIBER | |
|---|---|---|
| | | ☐ Court Certified Interpreter |
| | | ☐ Court Screened Interpreter |
| | | ☐ Other: |
| | | ☐ Remote Translation via Telephone/Video |

04/15/2020

- **12/23/21** the Defendant filed another appeal to obtain the now twice denied student record attachments of my daughters and sent the communication to the numerous BCC'd recipients.

- **1/5/22** the request was again fulfilled by the Superintendent but stated: *"the information that I have withheld in each instance is confidential, identifiable, student record information and if I were to provide this document in an unredacted form, it would be in violation of state and federal student record laws and regulations."*

- **1/13/22** the Defendant filed an appeal to the Supervisor of Public Records at the Secretary of State to obtain unredacted copies of my daughter's student records.

The Defendant has clearly exhibited a pattern of an unhealthy and an unnatural attraction to my daughters private medical and student records. In addition, the Defendant has been documenting all of this on his website and through email to numerous residents and newspapers. I have been in contact with the Reading Police department regarding this entire ordeal and even had a police detail at a previous Select Board meeting because of harassment in an unrelated email. Our family wants our daughter and her information to be left alone by the Defendant. As a parent, I am frightened about why a 73-year-old stranger in this community, is repeatedly seeking out the private student information of my 9-year-old daughter and sharing pictures of her with strangers in the community. We've endured numerous sleepless nights due to fear and intimidation by the Defendant and worrying what is going to happen next because things keep on escalating.

| HARASSMENT PREVENTION ORDER G.L. c. 258E | DOCKET NO. 22-268 | Massachusetts Trial Court |
|---|---|---|

| PLAINTIFF'S NAME | COURT NAME & ADDRESS |
|---|---|
| Autumn Haley | Middlesex Superior Court 200 Trade Center. 2nd Floor Woburn MA 01801 |

| DEFENDANT'S NAME AND ADDRESS | ALIAS, IF ANY | |
|---|---|---|
| Walt Tuvell 836 Main St Reading, MA 01867 | DATE OF BIRTH 6/19/47 | SEX ☒ Male ☐ Female |

| PLACE OF BIRTH | MOTHER'S MAIDEN NAME (FIRST & LAST) |
|---|---|
| | |

| SOCIAL SECURITY NO. | DAYTIME PHONE NO. 781475 7254 | FATHER'S NAME (FIRST & LAST) |
|---|---|---|

**VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both.**

**A. THE COURT HAS ISSUED THE FOLLOWING ORDERS TO THE DEFENDANT:** *(only those items checked shall apply)*

☒ This Order was issued without advance notice because the Court determined that there is a substantial likelihood of immediate danger of harassment.

☐ This Order was communicated by telephone from the Judge named below to:

Police Dept. _____ Police Officer _____

☒ 1. **YOU ARE ORDERED NOT TO ABUSE THE PLAINTIFF** by harming or attempting to harm the Plaintiff physically or by placing the Plaintiff in fear of imminent serious physical harm. **YOU ARE ALSO ORDERED NOT TO HARASS THE** Plaintiff by (1) willful and malicious conduct aimed at the Plaintiff and intended to cause fear, intimidation, abuse or damage to property, or (2) by using force, threat or duress to make the Plaintiff engage in sexual relations unwillingly, or (3) by committing any of the following: indecent assault and battery, rape, statutory rape, assault with intent to rape (G.L. c. 265, §§ 13B, 13F, 13H, 22, 22A, 23, 24, 24B), enticing a child (§ 26C), criminal stalking (§ 43), criminal harassment (§ 43A), or drugging for sexual intercourse (G.L. c.272, §3).

☒ 2. **YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF** either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least _100_ yards from the Plaintiff even if the Plaintiff seems to allow or request contact. The only exception to this Order is that you may send to the Plaintiff by mail or by sheriff or other authorized officer copies of papers filed with the court when that is required by statute or court rule.

☒ 3. **YOU ARE ORDERED TO REMAIN AWAY FROM THE PLAINTIFF'S RESIDENCE** located at _71 Tennyson Rd, Reading MA 01867_ and wherever else you have reason to know the Plaintiff may reside.

☐ If this box is checked, you are also **ORDERED** to remain away from the entire apartment building or other multiple family dwelling in which the Plaintiff's residence is located.

☐ 4. **YOU ARE ORDERED TO REMAIN AWAY FROM THE PLAINTIFF'S WORKPLACE** located at _____ and wherever else you have reason to know the Plaintiff may work.

☐ 5. **YOU ARE ORDERED TO COMPENSATE THE PLAINTIFF** for $ _____ in losses suffered as a direct result of the harassment, to be paid in full on or before _____ , 20 ____ ☐ by mailing directly to the Plaintiff. ☐ through the Court.

☒ 6. _Defendant shall immediately cease posting any information on the internet regarding Plaintiff_

**B. NOTICE TO LAW ENFORCEMENT**

1. An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this Order (and Summons) and make return of service to this court. If this box is checked ☒ service may instead be made by leaving such copies at the Defendant's address shown above but only if the police officer is unable to deliver such copies in hand to the Defendant.

2. Defendant Information Form accompanies this Order. ☐ 3. Police reports are on file at the _____ P.D.

☐ 4. Outstanding warrants for the Defendant's arrest: PCF No. _____ Docket No(s). _____

☐ 5. An imminent threat exists of bodily injury to the Plaintiff. _____ P.D. notified by ☐ telephone ☐ other: _____

| DATE OF THIS ORDER 1.18. 2022 | TIME OF THIS ORDER 12:10 ☐A.M. ☒P.M. | EXPIRATION DATE OF THIS ORDER 1.24. 2022 at 4 P.M. | SIGNATURE/NAME OF JUDGE x Maureen Mulligan |
|---|---|---|---|
| NEXT HEARING DATE 01/24/22 at 8 ☐A.M. ☒P.M. in Courtroom 740 | | | |

| FIRST OR CHIEF JUSTICE WITNESS: | A TRUE COPY ATTEST: X | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|

The Plaintiff must appear at scheduled hearings, or this Order will expire. The Defendant may appear, with or without an attorney, to oppose any extension or modification of this Order. If the Defendant does not appear, the Order may be extended or modified as determined by the Judge. For good cause, either the Plaintiff or the Defendant may request the Court to modify this Order before its scheduled expiration date. NOTICE TO DEFENDANT: If the Plaintiff is your spouse or former spouse, or you are the parent of a child of the Plaintiff, or you cohabit or have cohabited with the Plaintiff, the purchase and/or possession of a firearm and/or ammunition while this order is in effect is a federal crime, subject to certain exceptions. 18 U.S.C. §§ 922(g)(8) and 925.

HA-2 (5/10)

COURT COPY