# Addendum D
# (Pseudo-)Harassment Case
# "Apr 29/26" (Double-)Order

See ¶41, and fn. 134. We call this a "(double-)order" because it consists of the two dated (paper) orders stapled together, back-to-back.

The reader is well-advised to take this (double-)order with a vary large grain of salt, not only for its overall illegality (lack of legal basis, as discussed throughout this Complaint), but also because it contains a number of *provably false* self-serving statements **(baldfaced lies)** (the proof of falsity resides in court records, esp. audio recordings/transcriptions of court hearings), both in its main clauses (see e.g. fn. 134), and in its footnotes (see e.g. fn. 80). Hence, it amounts to **Defamation** (¶9(x)), since Budreau's lies reside in official/public court records, known to be actually communicated to others (not just myself), including the Haleys and court personnel.

In retrospect, Budreau's (pseudo-)resolution of the Autumn/(Pseudo-)Harassment affair against me — namely, simultaneously:

> *(i)* *voiding/annulling* the (Pseudo-)Harassment case *per se,*
> <u>while also</u>
> *(ii)* (pseudo-)ordering me to *not-speak/publish* anything *about* the Autumn/(Pseudo-)Harassment affair

— can be characterized as, and had the effect of, a *bizarre/grotesque/ Kafkaesque* <u>UCD</u> (fn. 115) <u>Catch-22</u>[165] (see ¶42,112), thusly:

> *(i′)* you did absolutely **nothing wrong** — so **you *do*** have the sacred **MOPICS FRP** (fn. 1) **right** to speak/publish anything (fair) you want about the (false) Autumn/(Pseudo-)Harassment affair;
> <u>but</u>
> *(ii″)* ***if* you *do*** speak/publish something, we'll (pseudo-)punish you (for (Pseudo-)Contempt of the (false/invalid) Apr 29/26 (Double-) Order *per se*).

---

[165] https://en.wikipedia.org/wiki/Catch-22_(logic).

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2281CV268

AUTUMN HALEY
Plaintiff

vs.

WALTER TUVELL
Defendant

## ORDER IMPOUNDING THE CASE AND ALL TAPED OR RECORDED PROCEEDINGS

This Court issued an Ex-Parte Order Pursuant to Rule 3(a) of the Rule Uniform Rules of Impoundment Procedure of the Massachusetts Trial Court Rules ("URIP") and held an in-camera hearing on April 29, 2022 to determine whether good cause existed to extend the ex-parte impoundment order issued on April 26, 2002 pursuant to URIP and Rule 7(b). After hearing from the parties and testimony from the father of the minor Plaintiff and consideration of the factors required to find good cause pursuant to Rule 7(b) of URIP, this Court finds by clear and convincing evidence that there is good cause to extend the ex-parte impoundment order until April 1, 2030[1], given the Defendant's conduct, the father's testimony, the confidentiality provisions of c. 258E, § 10 (harassment case involving a minor) and Plaintiff's status as a nine year old minor. In reaching this decision, this Court (1) adopts and incorporates the facts and legal findings stated in the attached Ex-Parte Order Impounding The Case Record and All Taped Proceedings Including Copies and entered on April 26, 2022 (Paper #19); (2) credits the Plaintiff's father's testimony that the nine year old minor is being treated by a psychologist for

---

[1] This is the date when the minor turns 18.

1

emotional distress caused by the Defendant's online posting of her confidential information and the taped hearings from this case; and (3) Defendant's assertion that he is not only presently in violation of the Court's April 26th ex-parte impoundment order (Paper #19), but intends to continue violating this Court's orders as he has done in throughout this case.

This Order is issued pursuant to this Court's superintendent powers, the URIP Rules including but not limited to URIP Rule 3 and 7 and the grounds stated above.

So Ordered,

Dated: April 29, 2022

The Honorable James Budreau,
Associate Justice, Superior Court

2

*19*

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2281CV268

AUTUMN HALEY
**Plaintiff**

vs.

WALTER TUVELL
**Defendant**

## EX-PART ORDER IMPOUNDING THE CASE RECORD AND ALL TAPED PROCEEDINGS INCLUDING COPIES

Pursuant to the Uniform Rules of Impoundment Procedure of the Massachusetts Trial Court Rules ("URIP"), this Court sua sponte impounds the record including, but not limited to, (a) all submissions by the parties and (b) all Court orders, records and taped recordings of proceedings and hearings in the case to date, including the instant Order. This Order extends to any copies made of the recordings or records received from the Court. As grounds for this Order, the Court finds that that immediate and irreparable harm may result to the Plaintiff if this Order is not put into effect immediately pending a hearing on this matter which is scheduled for April 29, 2022. At that time, a hearing will be conducted to determine if good cause exists to continue the impoundment Order. URIP Rule 7(a), (b). As grounds for this Order, this Court finds:

1. The Plaintiff in said case is a nine (9) year old minor whose father filed a complaint for harassment on her behalf. Given her minor status, she is protected by G.L. c. 258E, § 10, which provides that the identity of the minor and the records of the case

1

shall remain confidential from the public.[1]  A hearing was held on the harassment complaint in February 2022 and this Court issued an order prohibiting Defendant from harassing Plaintiff any further.[2]  Defendant appealed and the Clerk's Office provided Defendant with the tapes after giving him notice that the tapes of the proceeding were impounded and that they should only be used for appellate purposes. Despite this notice and without seeking clarification or filing a motion for reconsideration from the Court, Defendant posted these tapes on his website for public consumption.

2. This Court's prior orders and repeated notice to Defendant that that the record and proceedings from this case were either impounded or confidential pursuant to G.L. c. 258E have proven ineffective. Defendant continues to defy these orders and has published the identity, records and taped proceedings from the minor's case on-line and through emails to friends and associates. Defendant has not only willfully ignored the spirit of this confidentiality provision in G.L. c. 258E and this Court's orders,[3] but appears unmoved by potential civil contempt proceedings and the potential liability for privacy violations pursuant to G.L. c. 214, § 1.

---

[1] Presumably, the Legislature put this confidentiality provision in this harassment statute because (a) minors are more-vulnerable to embarrassment or abuse; and (b) disclosure of such records to the public would have a chilling effect on juveniles and parents who are in need of help. See *Commonwealth v. Pare*, 427 Mass. 427 (1998)

[2] It should not be forgotten that the Defendant published private information about the minor's mental health background on a community blog he writes. Defendant received this information from a third party after it was inadvertently released by the minor's school in a public records response. The information was clearly private and confidential and should not have been released. Defendant initially took it down at the school's request but then republished the information.

[3] Defendant has refused to comply with this Court's orders on the grounds that they are unlawful and violate his First Amendment rights. It is worthwhile noting that all orders by a Court, even those that are subject to future reversal on appeal, are valid until they are vacated, terminated or revised. These issues will be dealt with at a future hearing.

2

3. Defendant has also attempted to secretly tape at least one in court proceeding in this case and one proceeding conducted by Zoom. These actions are a violation of Court rules. See *Vasquez Diaz v. Commonwealth*, 487 Mass. 336, 353 (2021) ("In the case of a virtual hearing, only the forum has been adjusted, not the prospective audience. Accordingly, such a hearing does not amount to a constitutional closure.") and S.J.C. Rule 1:19(1)

4. Defendant's refusal to comply with the Clerk's Office's notice, court rules and this Court's orders together with the confidentiality provisions of G.L. c. 258E, § 10 demonstrates that nothing less than an impoundment order will protect the privacy and confidentiality of the Plaintiff minor. This Order is issued ex-parte as Defendant's conduct demonstrates that failure to do so may result in immediate and irreparable harm to the minor Plaintiff. URIP Rule 3(a).

5. An in-camera hearing shall be held on April 29, 2022. This Court finds that there is good cause to hold this hearing in camera for the reasons stated above and after weighing all the factors identified in URIP Rule 7(b).

Whereas the Court finds that the minor Plaintiff's confidentiality may be immediately and irreparably harmed without this impoundment order for the above reasons. This Order immediately impounds the court record including all taped proceedings and copies thereof subject to the outcome of the hearing scheduled for April 29, 2022 to determine if there is good cause at that time to extend this Order. Defendant is ordered to (a) immediately remove from his website or other public forum any and all impounded records and taped proceedings or facsimile thereof that were originally obtained from the Court and (b) cease and desist publishing

3

and/or distributing and/or reproducing any part of the case record in any form to third parties or entities until said Order is terminated.

So Ordered,

Dated: April 26, 2022

The Honorable James H. Budreau,
Associate Justice, Superior Court

4