# United States District Court for the District of Massachusetts (Boston)

**Walter Tuvell**
    PhD, *Pro Se*
    836 Main St.
    Reading, MA 01867
    (781) 475-7254
    walt.tuvell@gmail.com

*Plaintiff*

v.

**Christopher Haley (Husband/Father)**
**Amanda Haley (Wife/Stepmother)**
**Autumn Haley ((Step-)Daughter)**
    71 Tennyson Rd.
    Reading, MA 01867
    (781) 944-0186
    christopher.haley@ci.reading.ma.us
        *(and other/unknown phones/emails)*

*... et al. (see list at Complaint Add. A)*

*Defendants*

Case № 1:26-cv-12088

## Plaintiff's Clarifications *re* Dkt. 13 and Motion for Reconsideration

## CLARIFICATIONS AND MOTION FOR RECONSIDERATION

This filing continues this week's dialog of Dkt. 10–13, by *(i)* adding more **clarity** to the conversation stream, and *(ii)* ending with a **request for reconsideration,** on the basis that the Court's striking of my Complaint appears to be based solely on counter-factual[1] assertions. To this end, Dkt. 13 is **repeated here in its entirety,** in the next 7 sections, in consecutive passages (verbatim quotations) displayed as **indented passages,** each of which is then immediately responded to.

## LISTING OF DEFENDANTS IN THE COMPLAINT

Dkt. 13 begins this way (and this is what seems to form the core basis for all of Dkt. 13's reasoning):[2]

> The Complaint **Plaintiff filed** does not, in the **text** of the complaint, **identify** 90 plus **parties,** rather he lists all these **"defendants"** in an **exhibit** to the complaint.

This is flatly counter-factual.[1] It is apparent from this passage that Dkt. 13: *(i) admits* that my **list of (98) Defendants** was indeed **filed** (and silently, implicitly) "with" (i.e., "at the same time/place/manner as") the Complaint; but *(ii) objects* to the **form** of that filing, on the basis of (95 members of) that list's being located in an **exhibit** "separate" (in some implicit sense) from the "main body" (defined implicitly somehow) of the **Complaint *per se.*** None of this is true. The facts are as follows.

The Complaint that **I filed** on May 7 consisted a **single/unified** (as

---

[1] Synonyms, such as "incorrectness" and "falsity," are also used herein. *No malice* or any other state-of-mind is intended/attributed by any of this language, only *under-knowledge/appreciation of facts,* heretofore hidden/obscured, but herein exposed/clarified.

[2] Emphasis is added throughout to highlight the most relevant/operative wordings, without further notice as in this footnote.

proved by its physical embodiment as 99 **sequentially-numbered**[3] single-sided pages) **paper**[4] document. I physically (in person) handed that Complaint, as a single physical lump (separate from all other documents), to the **Court clerk,** identifying it as "the" (singular) Complaint for the new case I was opening, paying her the fee of $405 in cash. As I was standing at her desk, she date-stamped it on its first page (giving me a copy of that page), and then scanned (as a single job, not splitting it into pieces) into electronic format (PDF presumably). The Complaint as filed listed 98 **parties** (some persons, some organizations), identified as **Defendants,** in its singular/unified **body of text**[5]. The Complaint was **not** accompanied by any kind of "separate" (however defined) add-on, such as words like **"appendix"** or **"exhibit"** typically indicate.[6]

5    What then happened (*later,* not in my presence/knowledge, so I can't "prove" this, but it is assuredly "what happened") is that **the <u>clerk</u>**[7] **mangled**[8] the Complaint, by **moving its 5 Addenda A–E** out into "separate" documents (paper and/or PDF) from (what the clerk considered to be) its

---

[3]    Clearly signifying its **unification** with the "main body" of the Complaint.

[4]    As required by Court rule. I offered to file the electronic **PDF original** (from which the paper was printed) instead or in addition, noting I carried it with me on a USB storage device on my keychain, but she told me that **wasn't allowed** for *pro se* complainants (for unexplained reasons that escape me).

[5]    *(i)* Three of the Defendants are named on p. 1, and the other 95 in a "section" (not "appendix" or "exhibit") entitled **Addendum A** at p. 80–83, with a generic comment at p. 14 ¶11(ii), and everything else introduced in context as the Defendants arise throughout the course of events, because that arrangement seemed to make the most story-telling sense.
    *(ii)* Dkt. 13 doesn't object to splitting the list of defendants across multiple pages like this (be they contiguous or not), so we needn't discuss that here. It only objects to splitting the list across *multiple/separate documents,* which *I* didn't do, only the *clerk* did, as being explained in this §.

[6]    The Complaint was accompanied by two *other* documents required by the Court, namely a Civil Cover Sheet and Category Form, but those were physically separate and clearly designated, not part of the Complaint *per se.* There was never any misunderstanding/confusion about any of this.

[7]    Or "clerks" (plural), though I'll continue to speak in the singular, for euphony.

[8]    Not a pejorative implying ill motive as used here, just a (linguistically distinctive) synonym for "modified."

"main part" (pages 1–79) — retaining, though, their original page-numbering.[9]

*In other words:* what the Dkt. 13 passage at ¶2 above is referring to (i.e., complaining about) is **not the Complaint as I filed it,** but rather **the Complaint after the clerk mangled it.**

## RULE 8 & SEPARATE PARAGRAPHS

Immediately following Dkt. 13's quote at ¶2, it states:

> **This is not proper pleading conforming to Rule 8. The Complaint must identify in a separate paragraph each defendant.**

*(i)* The leading word **"This"** in ¶7 implicitly refers to the quote at ¶2. But as demonstrated in the preceding §, that **"this"** is **ambiguous** — it might refer to either of *two different things: (i′)* the **Complaint as I filed it,** or *(ii″)* the **Complaint as the clerk mangled it.** From the context of ¶7, the "this" is plainly *intended* to refer to item (i′); but that's **erroneous,** because the attached criticism *actually* refers to item (ii″), as argued/proven in the preceding §. Therefore already, the assertion of ¶7 is null/void for that reason. Nonetheless, we continue (in the remainder of this §) our analysis *as if* it were non-erroneous, that is, *as if it were intended as a criticism of the clerk's mangling.*

---

[9]    In point of fact, the Court's *original/initial* upload of the case to the RECAP archive at CourtListener (https://www.courtlistener.com/docket/73312678/1/tuvell-v-haley/) was indeed the **whole/integrated 99-page original as I had filed it** (scanned into PDF); only sometime *later* were the 5 Addenda split out into their separate PDFs. I know this, because I received an email from CourtListener on May 7, shortly after I arrived home from filing the case, notifying me of the upload, and I **downloaded a copy** at that time. Unfortunately, I **can't** *prove* this assertion **"visually,"** in the sense that I didn't have the foresight (expecting no issues, like the present Dkt. 13 one, to arise) to take a *screenshot/video* of this transaction. But I can **"almost" prove** it, because I do still have that downloaded copy (carrying the clerk's date-stamp on its p. 1), and here is its **SHA512 hash/checksum:**
e910793c4a0d510c16e22fdcfdbc0178a6b962f72c645772f07543d8e003140d
0502ef6a98950cc9170f4aa40ba4347bbffe99e9be70c35dfd7a8828aeb6bf54

*(ii)* The assertion in ¶7 of **improper pleading** explicitly refers to **Rule 8.** But it's unclear *exactly which (real or implied) clause* of Rule 8 it is referring to. Because, after reviewing Rule 8, I can find nothing in it about **either** *(i′)* **identifying Defendants,** or about *(ii″)* **separate paragraphs**[10] (much less anything about *(ii‴)* "identifying each Defendant in a separate paragraph"). Therefore, the assertion of ¶7 is null/void for this reason too (in addition to the reason of ¶8).

*(iii)* Finally, the Complaint does, in any case (that is, whether or not considering the criticism of ¶7 to be referring to the *clerk's mangling*), comprise a *legitimate* one, according to FRCvP 10(c): "A copy of a written instrument that is an **exhibit** to a pleading is a **part of the pleading** for **all purposes.**"

## PLAUSIBLE CLAIMS AGAINST EACH DEFENDANT

Immediately following Dkt. 13's quote at ¶7, it states:

> The allegations of the complaint must also support **plausible claims against each defendant.**

With regard to **claims being asserted against each defendant,** the Complaint does do that: *(i)* every claim is stated in relation to one or more Defendant(s), and *(ii)* every Defendant has one or more claim(s) asserted against them. If there are examples to the contrary, specific pointers would be helpful, because I cannot find them.

Following upon the heels of Dkt. 13's language at ¶7 as it does, §11's

---

[10] Only Rule 10 (not Rule 8) speaks about **(numbered) paragraphs,** but even then only with regard to "practicable … single set[s] of circumstances" of "claims or defenses" (not anything about "listing of Defendants") — and the Complaint does do that (together with numbering *lines* too, which greatly enhances *referenceability,* well above/beyond what's required by the FRCvP, as discussed in Complaint ¶7 p. 7 $\ell$. 14–21 item (iv″)). But be that as it may, my Complaint (and the clerk's mangled combined multi-documents too) does list all Defendants in *individual (one-line) paragraphs* (which need not be numbered, but are numbered (at line-level numbering) for all but the 3 Defendants on p. 1), together with their contact information (largely organizational affiliations).

**plausibility** clause seems like it might also be implicitly referring to Rule 8; but I can find **no mention of plausibility** there, or anywhere else in the whole of FRCvP.[11]

14   But going further on this point, I understand that it might be "hard at first/superficial glance to believe/understand that/why the Defendants would do what they did (or at least, what is asserted against them)" — for, that's what I thought too (I'm not happy to say it, but I've had to live it), throughout the time of events.[12] But all the allegations I've asserted in the Complaint did in fact really happen, exactly as I've asserted (and certified/verified), and I have solid/unimpeachable documentary proof of it all ("99%" of it consisting of official court documents, including audio recordings of "99%" of everything relevant[13]). Again, see Complaint ¶7 p. 6–8. And also again, specific pointers would be helpful, because I don't know what's on the Court's mind.

15   If it helps (I'm uncertain about whether it's allowed/proper at this procedural posture in this Court *(ex parte?)*), I'd be pleased for the opportunity to **proffer whatever proof** I have (and it's a *lot,* of court-officialized documents/audios) that the Court might want/need to assuage its concerns. But short of that (proffer), I can at least utter the **one magic incantation ("silver bullet")** that's ultimately the **root cause,** and **explains,** why/how this case has turned out as "insane" as it has: the MA courts'/prosecutors' **absolutely *utter lack* (and not "mere excess") of jurisdiction** (in *many multiple* ways, as documented in the Complaint). Once that slippery slope is slid down, it **snowballs** (via **Fruit of the Poisonous Tree (FOPT) doctrine +**

---

11   Perhaps §11 is implicitly referring to the **"Twiqbal" plausibility pleading standard?** If so, I tried to pre-address that potential issue in the Complaint, at ¶7 p. 7 item (iii‴) ℓ. 10–14, and its fn. 14. Thwarting such an "implausibility attack" is exactly the major driver for the highly detailed/specific nature of the Complaint's presentation overall (esp. all the footnotes), as mentioned at Complaint p. 79 fn. 161, with its back-reference to ¶7(v).

12   It's what "drove me (almost literally) crazy" (see Complaint ¶5(i) p. 5 ℓ. 8–12, and the forward-references there).

13   That is, apart from unrecorded conversations, such as clerk interaction. (Which harks back to ¶4–5 of this instant filing: I wish we "had it on tape.")

**conspiracy**), with no way to stop, and naught can be done but **cover-up,** sucking everybody else who "trusted" (i.e., didn't question) them down too.

## STRIKE & REFILE

Immediately following Dkt. 13's quote at ¶11, it states:

> Accordingly, the Court **STRIKES** the Complaint **under Rule 8,** but allows the *pro se* plaintiff until June 11, 2026, to file an **amended** complaint **conforming to Rule 8.**

Given the above-argued/proven incorrectness/falsity of the predicates to ¶16, I can perceive **no valid rationale** for this **striking.** Specifically/narrowly, my Complaint, and even the clerk's "Complaint," **already do conform** to Rule 8, per ¶7–10 above.

The striking, and the allowance(/order?) to file an **amended** Complaint, is the subject of the **Motion to Reconsider,** below at ¶27.

## "HELP" WITH SERVICE OF PROCESS

Immediately following Dkt. 13's quote at ¶16, it states:

> **Regarding service,** Plaintiff bears the burden to **serve each defendant named in the complaint.** The Court **does not "help" litigants** to serve their complaints. Plaintiff must **read the service rules** and **seek orders from the Court to the extent authorized by the rules and the facts.**

This seems to pose a persistent miscommunication problem for us, seemingly surrounding the meaning of the word that ¶19 includes in quotation marks, "help."[14] Because, **from my point of view,** I have **indeed only**

---

[14]    Which I used in a simple-minded/naive/colloquial way (together with the words "aid," "guidance," and "advice"), perhaps missing some techno-legal cachet (due to *pro se* unsophistication), in which case I apologize.

**sought** "orders from the Court to the extent authorized by the rules and the facts." Namely, in Dkt. 10, I laid out **facts** that **to my mind justified** the Court's invocation of FRCvP 4(c)(3)'s **"person specially appointed"** clause (as I said, worded slightly differently, at Dkt. 10 ¶1) (and its MA counterpart, MRCvP 4(d)(1)) (perhaps in combination with FRCvP 53(a)(i)(B)(1), though my thinking hadn't gotten that far).

Going forward, I can foresee (based on my experiences as laid out in Dkt. 10) the not-too-distant-future potential of needing to seek **"alternative service of process (via publication) in MA,"** via the FRCvP 4(e)(1) "state incorporation clause." (Though, this option requires more study.)

I don't know what more I can say about this issue at this time.

## CONSULT LAW SCHOOL CLINIC

Immediately following Dkt. 13's quote at ¶19, it states:

> Plaintiff may wish to **consult with the Boston College Law School *Pro Se* Clinic** which provides free assistance to *pro se* litigants in this Court. The **clerk shall email** Plaintiff the **contact information** for the clinic.

The clerk did **email** me the clinic's **contact information,** and I contacted the clinic (as indeed I had already done previously). Unfortunately, I **cannot consult** them at this time, because they responded to me, saying that they're "closed for the summer."

## MOTION ALLOWED & DENIED IN PARTS

Immediately following Dkt. 13's quote at ¶23, it states:

> The Motion for Clarification is **ALLOWED** to the extent set forth herein and otherwise **denied.**

There is nothing operational for me to say/do about this passage, so

no comment upon it is *apropos.*

## MOTION FOR RECONSIDERATION

Up to this point in the proceedings, I cannot yet perceive any short-comings in the Complaint as I filed it, that might require revision/amend-ment. Though, I will always remain, going forward, open to criticism.

For all the reasons stated/argued above, I hereby **Move for Recon-sideration** (withdrawal) of Dkt. 13's strike and allowance(/order?) at ¶16 — i.e., for **reinstatement** of the Complaint as it stands, without the necessity of amendment. Or, in the alternative, further discussion/debate/clarification enhancing this week's stream of 5 filings in this Case, until a mutually satis-fying meeting-of-the-minds can be reached.

## VERIFICATION; CERTIFICATION; SIGNATURE

Pursuant to FRCvP 11(a), I hereby verify that I am respectfully sub-mitting this document, and signing it, under the pains and penalties of per-jury (28 USC §1746). The document's claims/accusations/arguments are truthful/correct/accurate/honest, to the best of my knowledge/information/understanding/belief, and ability to represent them. I certify that the docu-ment satisfies the requirements of FRCvP 11(b).

Walter Tuvell
Fri May 22 2026