# United States District Court
# for the
# District of Massachusetts (Boston)

**Walter Tuvell**
PhD, *Pro Se*
836 Main St.
Reading, MA 01867
(781) 475-7254
walt.tuvell@gmail.com

*Plaintiff*

*v.*

**Christopher Haley (Husband/Father)**
**Amanda Haley (Wife/Stepmother)**
**Autumn Haley ((Step-)Daughter)**
71 Tennyson Rd.
Reading, MA 01867
(781) 944-0186
christopher.haley@ci.reading.ma.us
*(and other/unknown phones/emails)*

***... et al. (cf. list at Complaint Add. A)***

*Defendants*

Case № **1:26-cv-12088**

## PLAINTIFF'S
## MOTION FOR LEAVE TO
## AMEND COMPLAINT

## BACKGROUND

The **original** (paper) Complaint in this case was submitted on May 7 2026 (Dkt. 1), but it was **stricken** for "non-conformance"[1] by Court order of May 21 (Dkt. 13). That order called for submitting an "amended"[2] Complaint, which was then done on Jun 11 (Dkt. 17), calling itself "1st amended." Plaintiff now seeks to submit his "2nd amended" Complaint, pursuant to FRCvP 15(a)(2) ("court's leave" clause).

## REASONS FOR AMENDMENT

The *major* impetus for amendment is that a **fresh violation** of Plaintiff's rights has taken place (on Jun 10), directly of the **exact same sort** as complained of in the (1st amended) Complaint.[3] Plaintiff desires to add this new instance of violation to a 2nd amended Complaint, together with its **two new violators** as **Defendants** (implicating FRCvP 20(a)(2)(A)).

A *minor* reason in favor of amendment arises from ongoing marginal fine-tuning of arguments and polishing of presentation (no errors to correct, or new theories to raise) — nothing remarkable enough by itself to justify amendment (*de minimis,* "trivial" compared to what's already in the Complaint), but it does slightly improve the overall product.

---

1    For reasons that were contested (Dkt. 15–16), but never resolved.

2    *(i)* By my reading, Dkt. 13's calling for an "amended" Complaint was perhaps a misspeak, and perhaps rather it should have called for something like a "resubmitting" of the original Complaint (cf. Dkt. 15–16) (though, I was warned against doing that, because it might risk perception of contempt of Court). *(ii)* The consequence of this naming issue seems to be that **"matter-of-course" amendment** (FRCvP 15(a)(1)(A)) now appears to be **unavailable** to Plaintiff (because the "one free 'amendment'" has already been used up, though it was not by Plaintiff's own willing act). *(iii)* In any event, none of this appears to have any practical ramification, given *(iii′)* the **"freely give leave"** clause of FRCvP 15(a)(2), and *(iii″)* the fact that we now want to **join Defendants** (¶2) anyway.

3    Specifically, the **1st Amendment Petition** right (in the guise of **access to the courts**), to pursue (file & prosecute) **this very case** (see 1st amended Complaint §110–112), by blocking (upon penalty of fine/incarceration) my ability/right to serve process on the Haleys — or indeed, *contact them in any way, directly or indirectly, for any/all purposes* (this and/or any other), no matter how strongly protected by any law whatsoever.

## MOTION FOR LEAVE TO AMEND COMPLAINT

For the reasons stated above, Plaintiff hereby moves to submit his 2nd amended Complaint (noting that no formal service of process, or notice-and-waiver offer, has yet taken place,[4] so no parties will be prejudiced).

## VERIFICATION; CERTIFICATION; SIGNATURE

I verify that I am respectfully submitting this document subject to the pains and penalties of perjury (28 USC §1746), and signing it pursuant to FRCvP 11(a). I certify that the document satisfies the requirements of FRCvP 11(b)(1–4), and that its claims/accusations/arguments are truthful/correct/accurate/honest, to the best of my knowledge/information/understanding/belief (based on inquiry/study reasonable under the circumstances), and ability to represent them.

WETuvell

Walter Tuvell
Mon Jun 22 2026

---

[4]    Frustratingly so from Plaintiff's point of view, but there's a lot to learn, and very significant progress has been made, as will be reported to the Court in the near future.