# United States District Court for the District of Massachusetts (Boston)

**Walter Tuvell**
PhD, *Pro Se*
836 Main St.
Reading, MA 01867
(781) 475-7254
walt.tuvell@gmail.com

*Plaintiff*

v.

**Christopher Haley (Husband/Father)**
**Amanda Haley (Wife/Stepmother)**
**Autumn Haley ((Step-)Daughter)**
71 Tennyson Rd.
Reading, MA 01867
(781) 944-0186
christopher.haley@ci.reading.ma.us
*(and other/unknown phones/emails)*

*... et al. (cf. list at Complaint Add. A)*

*Defendants*

Case № 1:26-cv-12088

**PLAINTIFF'S**

**MOTION FOR LEAVE TO AMEND COMPLAINT {1ST AMENDED}**

# EXPLANATION (FOR THIS "AMENDMENT-TO-AMENDMENT")

The instant document is to be viewed as the "1st amendment" to our immediately preceding "Motion for Leave to Amend Complaint" (Dkt. 18):

*(i) That* filing (Dkt. 18) sought to amend our "Complaint [2nd version] {1st amended}" (Dkt. 17), (mostly) by **adding <u>two</u> new Defendants.** Thereby, it intended to newly create a "Complaint [2nd version] {2nd amended}."

*(ii) This* filing seeks to ***amend (i.e., revise/replace) Dkt. 18 itself per se,*** by changing the proposal of "two new Defendants" to **"<u>three</u> new Defendants."**

*(iii)* In other words, while this filing *also still* proposes to create a same-named "Complaint [2nd version] {2nd amended}," the said 2nd amended Complaint contains **three additional Defendants,** instead of just two.

Furthermore, we are **simultaneously accompanying** the filing of this instant document with the said now-newly-proposed "Complaint [2nd version] {2nd amended}" itself (see ¶5 below).

# REASONS FOR AMENDMENT[1]

The *major* impetus for the instant amendment-to-amendment is that further reflection/research has revealed to us that the previously-known (very early) behavior of an additional third mal-actor amounts to misconduct on a par with that of our other Defendants (including the aforementioned two), so that charging him as a Defendant is equally as justified/compelled as the others. FRCvP 20(a)(2)(A). The affected ¶s (concerning the three new Defendants) of the newly-revised (2nd amended) Complaint are identified in

---

[1] We had earlier thought that "statements of reasons" (such as this §) were sufficient to satisfy the "particularity" requirement mentioned in fn. 3(ii) below, but that now seems not to be the case.

its p. 1 fn. †.

A *minor* reason in favor of amendment remains, simply, the same as Dkt. 18 ¶3, i.e., yet more fine-tuning and polishing. While *legally* less significant than the changes mentioned in ¶3 above, these edits are impactful, as they hope to short-circuit future counter-arguments expected to be raised in this Case,[2] and are fairly pervasive/extensive "real-estate"-wise (the well-known "long tail" of editorial revision/perfection).

Finally, the reasons for *simultaneous accompaniment* (mentioned in ¶2 above) of the instant filing with the now-newly-proposed "Complaint [2nd version] {2$^{nd}$ amended}" are: *(i)* two weeks have elapsed since our filing of Dkt. 18, without a response from the Court (and no clue when/if one will ever be forthcoming), so further delay/waiting seems unwise; and *(ii)* we have since discovered (with some help from Artificial Intelligence (AI)) that it appears to be somewhat common practice (maybe even "unwritten/'secret' court common law") to file a proposed-amended Complaint at the same time together with its own Motion for Leave (according to which, we apparently should have also made such accompaniment when filing Dkt. 18 too; our apologies for not knowing about this sooner).[3]

## (REVISED) MOTION FOR LEAVE TO AMEND COMPLAINT

For the reasons stated above, Plaintiff hereby moves to submit his 2nd

---

2   An *example* is the question of "plausibility of Complaint," first raised in Dkt. 13, which had already been *(i)* pre-addressed in the original Complaint (Dkt. 1 fn. 14) (cf. also *(i′)* Dkt. 16 ¶13 and its fn. 11), but then *(ii)* re-visited in the 1st amended Complaint (Dkt. 17 fn. 15), and now again *(iii)* further enhanced in the now-newly-being-filed 2nd amended Complaint (fn. 18).

3   *(i)* We had scoured FRCvP 15, looking for such advice as accompanying the Motion to Amend simultaneously with the proposed amended Complaint itself, but hadn't found anything. *(ii)* It now seems that, perhaps, it is FRCvP 7(b)(1)(B) ("particularity" clause) that may be playing a role here, subliminally requiring the said simultaneous accompaniment. *(iii)* And too, perhaps, filing a "redline"/"diff" document also might be helpful in some circumstances (of limited amendment/changes), but there doesn't appear to be a requirement for such in our jurisdiction, and it would be distinctly unhelpful in the instant case (cf. ¶4).

amended Complaint ("Complaint [2nd version] {2$^{nd}$ amended}") — which *accompanies* this instant Motion. (In further support of this Motion, we observe that no formal service of process, or notice-and-waiver offer, has yet taken place,[4] so no parties will be prejudiced.)[5]

## VERIFICATION; CERTIFICATION; SIGNATURE

I verify that I am respectfully submitting this document subject to the pains and penalties of perjury (28 USC §1746), and signing it pursuant to FRCvP 11(a). I certify that the document satisfies the requirements of FRCvP 11(b)(1–4), and that its claims/accusations/arguments are truthful/correct/accurate/honest, to the best of my knowledge/information/understanding/belief (based on inquiry/study reasonable under the circumstances), and ability to represent them.

*WETuvell*

Walter Tuvell
Tue Jul 7 2026

---

[4]    But, that (service of process) will now be happening almost immediately following the instant filing, using the accompanying "Complaint [2nd version] {2$^{nd}$ amended}" as its "Complaint." Again, we apologize for our *pro se* ignorance of not knowing the customary way to proceed with these matters, and we hope we're now doing better.

[5]    For this reason too (no Defendants yet served process), there appears to be (insofar as I'm understanding the rules) nothing more to be done at this point to satisfy FRCvP 5; or DMassLR 15.1; or DMassLR 7.1(a)(2); etc. (Though, if I'm missing some nuances I should be observing, I am hopeful to be notified, so that I can have the opportunity to repair any deficiencies.)