# United States District Court for the District of Massachusetts (Boston)

**Walter Tuvell**
PhD, *Pro Se*
836 Main St.
Reading, MA 01867
(781) 475-7254
walt.tuvell@gmail.com

*Plaintiff*

*v.*

**Christopher Haley (Husband/Father)**
**Amanda Haley (Wife/Stepmother)**
**Autumn Haley ((Step-)Daughter)**
71 Tennyson Rd.
Reading, MA 01867
(781) 944-0186
christopher.haley@ci.reading.ma.us
*(and other/unknown phones/emails)*

***... et al. (cf. list at Complaint Add. A)***

*Defendants*

Case № **1:26-cv-12088**

**PLAINTIFF'S**

**NOTICE/REPORT ON SERVICE OF PROCESS: STATUS; MOTION; "OBSERVATION"**

# INTRODUCTION

In the five §s following this introductory §, this document presents a **Status Report** (with a **Motion** and an **"Observation"**) on various aspects of our efforts toward effecting **Service of Process (SOP)** in this Case: *(i)* **general scheme** for SOP; *(ii)* SOP for **organizations;** *(iii)* SOP for **"easy" individuals;** *(iv)* SOP for **"hard" individuals,** with a proposed **Motion;** and *(v)* SOP for **"impossible" individuals** (the Haleys), with an **"Observation"** (the *meaning* of which described thereat).

First, as a reminder, it will be recalled that we've been very concerned/worried from the very beginning about the **difficulty of SOP for this Case.** For that reason, we early sought the Court's advice/aid/help (Dkt. 10),[1] but it was denied (Dkt. 11; which denial also played a subsidiary role in an ensuing dialog, Dkt. 12–16). That experience (the need for help and its rejection) has continued to haunt/worry us, leading us to **reconsider/update/refine** that earlier (Dkt. 10) thinking on the subject, culminating now in the present work we've done on SOP, reported herein. We are hopeful that the solutions we've come up with at this point are more workable, and will be acceptable to the Court, and that now is a good time to give a report like this. Further reports may/will be produced as conditions warrant.

As a final preliminary comment, we observe that we could (and would) have *progressed further* (with respect to SOP) by now, *but for two unavoidable time-costly[2] intervening events* — namely, **two amended Complaints,**

---

[1]    A **classification** of our Defendants is presented in Dkt. 10 ¶2, according to **five categories** of **difficulty of SOP** (designated as **"Cat. #1–5"**), which still remains valid/useful (even though three more Defendants have been added in the interim), and is **employed herein throughout.**

[2]    Part of that time-costliness was probably due to my *(pro se)* ignorance of procedural protocols: I was waiting (what I though was) a "decent amount of time" (~2 week for each of the two events amendment events) for a response from the Court, which I thought was "supposed to be coming," but apparently I was wrong about that.

Dkt. 17,19-1) — which have slowed things down,[3] but on the plus side have resulted in measurable overall improvements to the end product (the resulting current Complaint,[4] and ongoing prosecution of this Case).

# GENERAL SCHEME FOR SOP

Our most visible refinement (¶2) from earlier work is that our research has led us to prepare a **special document,[5]** entitled **Notice of Civil Action (NOCA),** to be distributed to all Defendants as an (intended-to-be-helpful) **cover letter** accompaniment to SOP, describing our **general scheme for managing SOP.** It is foundational to the work reported herein, and is included below as this document's **Addendum A.**

**Be it noted:** As described in the NOCA, our **preferred/default technique** for SOP is the **semi-formal Notice-and-Waiver (N&W) method,** and esp. using **modern reliable electronic means of communication** (email, Internet cloud storage/download) wherever possible/reasonable/acceptable (which in practice means ~"everywhere"), reluctantly falling back to the formal traditional (TRAD), or other (cf. "Substitute SOP" and "MA magic cookie" at NOCA p. 2) techniques only if/as necessary.

Our general scheme/principles/techniques for SOP given in the NOCA is **applied to our five categories[(1)]** of Defendants, as described in the following four §s.

---

[3] We trust such intervening events count as "good cause," in the sense of FRCvP 4(m). See also fn. 18.

[4] If no confusion/ambiguity is expected, the **unadorned/unmodified** word **"Complaint,"** as used herein (and elsewhere), refers to the **most recent/current/active official/stamped** edition, unless explicitly specified otherwise. As this instant document is being written/filed, that is "Complaint [2nd version] {2nd amended}" (Dkt. 19-1, filed on Jul 7 2026).

[5] Replacing similar work in Dkt. 10, as foreshadowed in ¶2 above.

## SOP for Organizations (Cat. #5)

Our **organizational** Defendants are the five[6] official/governmental MA entities listed at the end of the Defendant list (Complaint's Add. A, also included on the NOCA's 3rd page). These are the **"easiest"** Defendants to handle for SOP purposes (their SOP protocol, as described in the NOCA, is rigidly specified, esp. contact information for SOP), and they seem at this time to pose no insuperable problems, so needn't be discussed further herein. SOP upon them (NOCA Cover Letter, Complaint, Summons) is currently "in the (U.S.) mail" (literally).

## SOP for "Easy" Individuals (Cat. #1)

We have only a handful[7] of **"easy" individual** Defendants. Since we have suitable contact information (email addresses) for them, they also (as for the organizations in the preceding §) needn't be discussed further herein, and (N&W) SOP upon them is currently in-process. See Add. B for the "Form Letter" email that has been sent to our "easy individuals" (and also to "hard individual" intermediate contacts, see the following §).

## SOP for "Hard" Individuals (Cat. #3–4): Motion for Expedited Limited Early Discovery

These individuals comprise the great bulk of our Defendants,[8] and also our biggest (currently known) open problem for SOP, as described in

---

[6]    Actually, now only four: it has since come to light (for me (I hope I'm right about this)) that the purported Defendant Middlesex Co. is no longer (from the 1997/1998 time-frame, see https://en.wikipedia.org/wiki/Middlesex_County,_Massachusetts, https://www.sec.state.ma.us/divisions/cis/government/gov-county.htm) not a "legally sueable entity" (it's just the descriptive name of a geographical region, such as in the title of the Middlesex District Attorney's Office (MDAO)), so it need/can not be served.

[7]    Eight of them. There were seven identified in Dkt. 10. ¶2, then two more (Megan Rodriguez, Brad Jones) added (in the Complaint, Dkt.19-1). But one got subtracted (Bill Mitchell retired, and the email address I had for him stopped working).

[8]    85 of them, now that one more (Dave Collins) has been added (in the Complaint, Dkt. 19-1), and Bill Mitchell too (fn. 7), to the 83 (= 56 + 27) identified in Dkt. 10. ¶2.

this § — necessitating our request for the Motion requested in this §, below.

10    See Add. B for the "Form Letter" email that has been sent to the known/conjectured intermediary contacts who have our Cat. #3–4 individuals "within their purview." We have, however, no confidence whatsoever that the email will be forwarded to any not-insignificant fraction of the intended target Defendants.[9] Which leads us to the discussion next to follow, and to the Motion in ¶13.

11    Pursuant to FRCvP 26(a)(1)(A)(i) **(Duty to Disclose),** all Defendants (both individuals and organizations) are **automatically/mandatorily** (without awaiting Court order) **required[10] to disclose "contact information"** (that they're aware of, "transitively" (that is, either directly or via a chain of indirect/intermediate contacts, iteratively)) for all individuals (other Defendants or not) likely to have discoverable information about a Complaint's allegations (and, that certainly encompasses all Defendants, at a minimum). This duty is especially important in our Case, because many of our individual Defendants (Complaint Add. A, NOCA 3rd page) are **non-identified** (the ★_NAME★ Defendants) and/or are **non-contactable,[(9)]** unless some kind of contact information is supplied, without which those Defendants cannot be served. Thus their disclosure is irreducibly needed, in order for this Case to proceed properly.

12    However, per FRCvP 26(1)(C), the said Duty to Disclose is, by default, **delayed** until *after* the FRCvP 26(f) **conference.** That's too late for us (it would delay SOP upon the non-contactable Defendants past acceptable dates).

13    Therefore, I **hereby move** that the Court issue an **Order for Limited Expedited Mandatory/Automatic Disclosure** to (all) our Defendants,[11] which the Court is clearly empowered to do (cf. several provisions of the

---

9    Reasons for this skepticism/non-contactability, supported by the Laura Gemme example, are given in Dkt. 10.

10    Absent FRCvP 26(a)(1)(B) exceptions, none of which are relevant here.

NOCA 2nd page; see also the empowerment statement of ¶16), with **wording substantially consistent with the following:**

> All Defendants, as identified by name or otherwise indicated (such as place-holder descriptions including "\_NAME") in this case, 1:26-cv-12088, are hereby ordered to disclose to the Plaintiff, any/all information as described in FRCvP 26(a)(1)(A)(i), about all Defendants (themselves included), but limited to "contact information" (such as identities and communications information, preferably including electronic email addresses) needful/helpful for effecting service-of-process upon said Defendants, which is at their disposal or obtainable via reasonable effort, immediately, without awaiting any conferences or planning, such as those contemplated by FRCvP 26(f).

Also potentially relevant in this regard may be FRCvP 37(a)(3)(A) (failure to disclose/cooperate with FRCvP 26(a)), which hopefully won't be needed.

## SOP FOR "IMPOSSIBLE" INDIVIDUALS (CAT. #2): A "MODEST OBSERVATION"[12]

I would have *preferred,* at this juncture, to offer an *active* **"proposal"[(12)]** (namely, some sort of "motion for an order, with suggested wording"), rather than a mere *passive* "observation," as being done here. But I

---

[11]    *(i)* This proposed order is initially **targeted at our *(i′)* organizational(-related) Defendants,** minimally including *(i″)* the "easy" official Defendants discussed in ¶7, but also encompassing *(i‴)* the "%" entities as listed there (who are not themselves Defendants *per se,* but are legitimately targetable *agents* of organizational Defendants). *(ii)* However, the Court Order requested in the instant § *should not be limited* to only organizational Defendants (because, some individual Defendants may possess some contact information that even organizational Defendants don't have — e.g., for individual Defendants who are personal friends of other individual Defendants, and who have resigned or moved residence to locations unknown otherwise).

[12]    *Pace* Jonathan Swift, https://en.wikipedia.org/wiki/A_Modest_Proposal.

am "forbidden" from doing anything like that.[13] So instead, the most/best I can do is to make the following "just-saying" comment:

## Observation.—[14]

***If:*** The instant Court were to, *sua sponte,*[15] order some method to effect SOP[16] (not involving myself)[(15)] upon the Haleys (all three of them) — as it is *empowered to do,* via combination of:

- *(i)*    FRCvP 4(c)(3) ("order/appointment" clause);
- *(ii)*   FRCvP 4(e)(1) ("host state incorporation (HSI)," to permit item (iii), next);
- *(iii)*  MRCvP 4(g) via HSI ("MA magic cookie," allowing the Court to amend/alter any SOP procedure "deemed just" — here, for acting *sua sponte* in this particular instance, required by the unusual/unprecedented circumstance presented by fn. 13, as opposed to awaiting the "plaintiff's request"[(15)] normally contemplated by item (i), above).

***Then:*** This Case could/would proceed in regular/orderly/timely fashion.[17]

***Otherwise:*** We will have to wait until I myself can "safely"[(13)] effect/instigate SOP on the Haleys, on Oct 19(±1) 2026, causing an unfortunate (and

---

[13]   The reason I'm "forbidden" is that if I were to do anything more forceful (than make a mere "observation"), it could/would be construed (by MA authorities/courts/probation) as an attempt by me to make an **"indirect/3rd-party contact"** with the Haleys, opening me up to (illicit) sanctions. Of course, such a construal would be abysmally/stupidly illegal (violative of First Amendment Petition Rights), as I've consistently complained vociferously/ bitterly (see Complaint §XIII), but experience has shown our Defendants aren't deterred by any such consideration.

[14]   The *observation* offered in this §, as well as the *motion* offered in the preceding §, and the *NOCA* (¶4, Add. A), may all be viewed as refinements/perfections as mentioned in ¶2.

[15]   To bypass the conundrum of "indirect/3rd-party contact" by me (fn. 13).

[16]   By some SOP protocol of the Court's choosing, such as: *(i)* FRCvP 4(c) ("formal" TRAD); *(ii)* FRCvP 4(d) ("modern" N&W); *(iii)* some variation of MRCvP 4(d)(1–2) ("substitute service"), via HSI; *(iv)* the aforementioned MA "magic cookie."

[17]   This assumes the Court would *also* authorize me (as *pro se*) to communicate with the Haleys' legal representative(s) (and hence "indirectly/3rd-party" to them).

wholly avoidable) delay.[18]

## CONCLUSION

17    I realize this document regrettably represents some **"tough sled-ding"** complexity (though it's certainly not on a par with the experience of lawyers/judges who've handled truly complex (financial, say) litigation, far above/beyond "ordinary" (non-"class") civil actions), and I'd like to **apolo-gize** for it to the extent I credibly can. But the nature of the beast requires nothing less than a detailed analysis like that exhibited herein. It "comes with the territory" (as described in the Complaint), which I didn't choose, but had visited upon me, wholly uninvited and unawares.

## VERIFICATION; CERTIFICATION; SIGNATURE

18    I verify that I am respectfully submitting this document subject to the pains and penalties of perjury (28 USC §1746), and signing it pursuant to FRCvP 11(a). I certify that the document satisfies the requirements of FRCvP 11(b)(1–4), and that its claims/accusations/arguments are truthful/correct/accurate/honest, to the best of my knowledge/information/under-standing/belief (based on inquiry/study reasonable under the circum-stances), and ability to represent them.

*WETuvell*

Walter Tuvell
Wed Jul 8 2026

---

[18]    Which, presumably, would qualify as "good cause" under FRCvP 4(m). See also fn. 3.

# ADDENDUM A
# NOTICE OF CIVIL ACTION (NOCA) COVER LETTER

This Addendum A reproduces our 3-page **Notice of Civil Action (NOCA),** as introduced at ¶4 above, describing our **general scheme for SOP,** to be distributed to all Defendants as a **cover letter** accompanying SOP.[19] This is a *finalized* document:[20] it is already being distributed to Defendants (in particular all the Internet links in it are valid/active).

[19]    **Note:** The language used in the NOCA, and the 98 Defendants it lists, carefully **avoid any mention of the Haleys,** because of their categorization as "impossible" (Cat. #5) individuals.

---

[19]    Jones's display on the 3rd page isn't *intended* to be special; it just turned out that way for typographical/readability reasons (we ran out of space).

[20]    *Caveat:* A few hours after this NOCA was first distributed to some Defendants, two (trivial) typographical errors were discovered, and corrected in subsequent distributions (including online, and as presented here). They are: *(i)* on the NOCA's 1st page, in the bullet-list at the end of the 2nd paragraph, an additional tab character has been inserted (before the Complaint item), to balance the length of the two lines in the list better; *(ii)* the header line of the table on the 3rd page had incorrectly spoken of "97" Defendants, now changed to the correct "98" (and already so stated on the 1st page).

# 𝔑𝔬𝔱𝔦𝔠𝔢 𝔬𝔣 𝔆𝔦𝔳𝔦𝔩 𝔄𝔠𝔱𝔦𝔬𝔫

This **3-page Notice of Civil Action (NOCA)** provides **Notification** to, and **expecta-tions** of, certain **persons** (esp. Defendants) to whom it is *targeted,* and to the **general public** for whom it is *posted,* regarding **Civil Action (Lawsuit) № 1:26-cv-12088,** filed on May 7 2026 at the United States Federal District Court in Boston. The **rules of court** controlling the case are primarily **Federal Rules of Civil Procedure (FRCvP),** plus secondary rules atten-dant thereunto (e.g., parts of its Massachusetts counterpart, **MRCvP**) — *those rules really need to be studied* (see the **2ⁿᵈ page** of this NOCA).

The case's initial stage *(now),* **"service of process (SOP),"** is non-trivial. It requires **deliverance** of court-required information (listed below) to the **Defendants** (individual and/or organizational), esp. the **98** listed on the **3ʳᵈ page** of this NOCA (with varying degrees of **specificity,** some not *yet* adequately identified), whose **(alleged) actions are described in the Complaint** itself. Defendants (both individuals and organizations *generally,* but see 2ⁿᵈ page for *exceptions*) have a **duty to submit to "N&W service" within 45 days** of receiving the official case **SOP documents,**\* which are the following:

- This NOCA   • Complaint   • Summons   • Waiver Form
- Notice(-of-Suit)-and-(Request-for-)Waiver ("N&W")   • Promissory Note

**LET IT HEREBY BE KNOWN** that *all the SOP documents* (plus some subsidiary ones), suitably particularized to each Defendant, are **packaged for download, openly avail-able, free of charge,** in universal electronic file formats (ZIP, PDF), **located** at the following Internet cloud storage **URL** (alternatives can be arranged if so desired):

**https://f002.backblazeb2.com/file/PublicSharedFiles/Tuvell-v-Haley/No-ticeOfCivilAction.zip**

(For details, see the **NoticeOfCivilAction_CONTENTS.pdf** file in that ZIP archive.)

**Anyone/everyone** *now* *viewing* *this* *NOCA* (transitively) — literally, $\boxed{\textbf{\textit{you}} \text{ ✍}}$*!* — who has **any knowledge/conjecture about how to contact/communicate with any of the 98 Defendants (esp. the *individuals*)** — by *any means:* direct or indirect, in-person or through intermediate contacts/mechanisms, including email and social media, etc. — is kindly **re-quested/instructed** to, simply: *(i)* **deliver/forward *this NOCA* to them (Defendants, in-termediaries);** and *(ii)* **inform me (Plaintiff)** when you have done so. You will incur no lia-bility thereby, and such *participation in the justice system* is an **expectation of citizenship:** anything short of it contributes to **obstruction of justice** (as the Defendants have done).

Any/all **responses/questions/concerns/comments** may be directed to:
- Walter Tuvell (PhD, *pro se*) ‖ 836 Main St. ‖ Reading MA 01867
- (781) 475-7254 ‖ walt.tuvell@gmail.com *(preferred)*

*— Thu May 7 2026*

---

\*       *(i)* **This NOCA** is not, strictly speaking, required by law to be disseminated, but it is necessary as an introductory overview/"cover letter." *(ii)* The included **Complaint** is the *most recent/official/clerk-stamped* "2ⁿᵈ amended" Complaint, *identical* for all Defendants (individual and organizational). *(ii')* Also, a passel of **"Variations"** on the Complaint is provided. *(iii)* The **Summons** is *particularized* for each Defendant (sepa-rate copies for *ind*ividual- and *organizational/off*icial-capacities). *(iv)* The **Notice-and-Waiver (N&W)** docu-ment is similarly *particularized* for the Defendants. *(v)* The **Waiver Form** is supplied in two copies (oddly, but per FRCvP 4(d)(1)(C)). *(v')* A **Proof/Return of Service Form** is also included, though it's only needed by process servers. *(vi)* The **Promissory Note** is to satisfy the FRCvP 4(d)(1)(C) "prepayment" clause.

# SERVICE OF PROCESS (SOP) LEGALISTICS

This **2nd page** of this 3-page NOCA *surveys/sketches/summarizes* the legal details involved with **service (of process) (SOP):** the procedure for **incorporating** (individual/organizational) **Defendants** into a **civil action** (focused on our case), in the sense of empowering the Court to have **personal jurisdiction** over them (FRCvP 4(k)(1)(A)).

**Traditional(TRAD)/legacy/classical/formal/rigid/strict SOP protocol (FRCvP 4(c),4(e)(1),4(e)(2)(A-C),4(h)(1)(A-B)) —** *(i)* **Process server** (adult non-party) *(ii)* **delivers paper copy of Complaint & Summons, physically/in-person,** within *(iii)* specified time (90 days, FRCvP 4(m)), to/upon:— *(iv)* for an **individual:** *(iv′)* the Defendant**,** or *(iv″)* an **agent,** or *(iv‴)* a **competent resident** at the Defendant's **usual place of abode/dwelling(/home),** or *(iv‴′)* **as per MA law ("host state incorporation," HSI);** *(v)* for an **organization:** *(v′)* as for individual (incl. item (iv‴′) **competent employee at principal place of business,** via HSI), or *(v″)* a suitable **officer/agent.**

**Modern/semi-formal/relaxed/notice-and-waiver(N&W) SOP protocol (FRCvP 4(d)) —** *(i)* **Anyone** (incl. plaintiff or suitable agent) *(ii)* **notifies** Defendants or suitable agents (generally, but **excepting minors (FRCvP 4(g)) and govt. (FRCvP 4(j)(2))**) that a lawsuit has been commenced; *(iii)* by delivering to them **written (paper or electronic) copies of documents** (listed on 1st page of this NOCA); *(iv)* via **reliable means of communication** (such as in-person, U.S. mail, Internet email, Internet download, social media); *(v)* graciously **requesting/offering** them to **accept N&W SOP (waiving TRAD SOP);** *(vi)* which (N&W offer) they have a **duty to accept** (under incentives/penalties).

**John Doe defendants (FRCvP 10(a)) —** The Complaint must "name" (i.e., "indicate," somehow) all Defendants (individuals, organizations), albeit perhaps *incompletely/imperfectly,* but with realistic expectation of perfection upon study/effort/discovery.

**Substitute SOP (MRCvP 4(d)(1-2) via HSI) —** Empowers the Court to issue an **order of SOP notice in any manner/form the prescribed by Court.** This may take the form of **constructive SOP by publication** (in newspaper/electronic mass media).

**SOP upon organizational official/governmental MA: (i) state/agency, (ii) city/town/county/municipality/political subdivision "subject to suit," (iii) authority/board/committee/etc. (MRCvP 4(d)(3-5) via HSI) —** Delivery (by anyone, even Plaintiff), of paper copies of Complaint & Summons, in person or via certified/registered U.S. mail, to (resp.): *(i′)* MA Attorney General *and (i″)* agency office/chair/member/secretary/clerk; *(ii′)* office of treasurer/clerk, or person in charge there; *(iii′)* office of chair/other chief executive officer, or person in charge there.

**MA "magic cookie" (MRCvP 4(g,l) via HSI, FRCvP 4(l)) —** Court can **amend/invent any SOP procedure/proof, upon whatever terms it deems just** (!).

**Mandatory discovery (FRCvP 26(a)(1)(A)(i),26(f)) —** Defendants (esp. organizations, but incl. individuals) **must automatically** (without awaiting Plaintiff motion and/or court order) provide certain relevant information regarding other Defendants (esp. individuals' names/identities/contact information), albeit usually at a later point, absent **motion/order (e.g., esp., expedited/early/limited discovery, just for SOP purposes).**

## TABLE OF 98 DEFENDANTS (CASE № 1:26-CV-12088, COMPLAINT ADD. A)

**Maureen Mulligan (Judge)**
**Martha Brennan (Magistrate)**
**James Budreau (Judge)**
**Arthur Deguglielmo (Magistrate)**
**Clerk_Name1 (Clerk)**
**Clerk_Name2 (Clerk)**
   % Woburn Superior Court (MA)
   https://www.mass.gov/locations/middlesex-county-superior-court
   Middlesex.clerksoffice@jud.state.ma.us (Court Clerk)

**Steve Pelland (Officer)**
**Salvi LaVita (Officer)**
**Shiloh Clark (Officer)**
**Christopher Picco (Officer)**
**Officer_Name1 (Officer)**
**Officer_Name2 (Officer)**
**Michael Lee (Officer)**
**Benjamin Woodward (Officer)**
**Guivenson Brizard (Officer)**
**Josh Graciale (Officer)**
**Matt Orr (Officer)**
**Michael Fitzgerald (Officer)**
**Benjamin Moffett (Officer)**
**David Clark (Chief of Police)**
**Christine Amendola (Deputy Chief of Police)**
   % Reading Police Department (RPD) (Reading)
   https://www.readingma.gov/179/Police-Department
   lgemme@ci.reading.ma.us (Laura Gemme, Town Clerk)

**Zachary Hillman (Judge)**
~~**Paul McDonald (Magistrate)**~~ *[deceased]*
**Kathleen McKeon (Magistrate)**
**Julie Fedele-MacDonald (Magistrate)**
**Julie Veno (Magistrate)**
**Joseph Hurley (Judge)**
**Jennifer Queally (Judge)**
**Marianne Hinkle (Judge)**
   % Woburn District Court (MA)
   https://www.mass.gov/locations/woburn-district-court
   cmwoburndc@jud.state.ma.us (Court Clerk)

**Rachel Shute (ADA)**
**Graham Van Epps (ADA)**
**Intern_Name (Intern)**
**Nick Pisegna (ADA)**
**Marian T. Ryan (D.A.)**
**Julian Gelly (ADA)**
**Emily Acritelli (ADA)**
**Mariadela Villegas-Barrientos (ADA)**
**Thomas Ralph (ADA)**
**Timothy Ferriter (ADA)**
   % Middlesex D.A.'s Office (MDAO) (Middlesex, MA)
   https://www.middlesexda.com
   https://www.middlesexda.com/home/webforms/contact-us (webform)

**Louis Castro (Officer)**
**Connor McGrath (Officer)**
**Gregory Post (Officer)**
**Brian McManus (Officer)**
**Jeffrey Carreau (Officer)**
**Joyce Marino (Officer)**
**Dennis Clough (Officer)**
**Kyle Pangallo (Officer)**
**Pierre Pires (Officer)**
**Guard_Name1 (Officer)**
**Guard_Name2 (Officer)**
   % Woburn Police Department (WPD) (Woburn)
   https://woburnma.gov/government/police/
   police@woburnpd.com (WPD Clerk)

**Mary Heffernan (Judge)**
**Henry Schultz (Magistrate)**
**Bill Mitchell (Chief Probation Officer)**
**Sarah Mead (Probation Officer)**
**Michael Fabbri (Judge)**
**Casey Berlo (Magistrate)**
**Lawrence Okstein (Magistrate)**
**Ellen Caulo (Judge)**
**Jon Chalmers (Probation Officer)**
**Juror_Name1 (Juror)**
**Juror_Name2 (Juror)**
**Juror_Name3 (Juror)**
**Juror_Name4 (Juror)**
**Juror_Name5 (Juror)**
**Juror_Name6 (Juror)**
**Juror_Name7 (Juror)**
**Megan Rodriguez (Chief Probation Officer)**
**Dave Collins (Asst. Chief Police)**

   % Newton District Court (MA)
   https://www.mass.gov/locations/newton-district-court
   cmnewtondc@jud.state.ma.us (Court Clerk)

**Ariane Vuono (Judge)**
**Eric Neyman (Judge)**
**Andrew D'Angelo (Judge)**
   % MA Appeals Court (MA)
   https://www.mass.gov/orgs/appeals-court
   AppealsCtClerk@appct.state.ma.us (Court Clerk)

**Sara Concannon DeSimone (CIU Director)**
**First Assistant District Attorney (CIC Member)**
**Chief of Appeals (CIC Member)**
**Chief of the Cold Case Unit (CIC Member)**
**Chief of Homicide (CIC Member)**
**Senior Trial Counsel (CIC Member)**
**Senior Appellate Counsel (CIC Member)**
**Regional Chief, Cambridge (CIC Member)**
**Regional Chief, Malden (CIC Member)**
**Regional Chief, Framingham (CIC Member)**
**Regional Chief, Lowell (CIC Member)**
**Chief of Child Abuse (CIC Member)**
**Chief of Elder and Disabled Abuse Unit (CIC Member)**
**Chief of Special Investigations Unit (CIC Member)**
   % Conviction Integrity Unit (CIU) (MA)
   https://www.middlesexda.com/beyond-courtroom/pages/conviction-in-
      tegrity-unit
   MDAOConvictionIntegrity@state.ma.us (CIU Director)

**Kimberly S. Budd (Judge)**
**Frank M. Gaziano (Judge)**
**Scott L. Kafker (Judge)**
**Dalila Argaez Wendlandt (Judge)**
**Serge Georges, Jr. (Judge)**
**Elizabeth N. Dewar (Judge)**
**Gabrielle R. Wolohojian (Judge)**
   % MA Supreme Judicial Court (SJC) (MA)
   https://www.mass.gov/orgs/massachusetts-supreme-judicial-court
   SJCCommClerk@sjc.state.ma.us (Court Clerk)

**Philip Arnel (Lawyer)**
   355 Providence Highway (Route 1), Suite 100
   Westwood MA 02090-1909
   (781) 493-6490
   https://www.arnellaw.com
   philiparnel@arnellaw.com

**Town of Reading MA**
   Reading Town Hall
   16 Lowell St.
   Reading MA 01867
   (781) 942-9001
   https://www.readingma.gov
   https://en.wikipedia.org/wiki/Reading,_Massachusetts
   lgemme@ci.reading.ma.us (Laura Gemme, Town Clerk)

| **Bradley H. Jones, Jr. (MA Rep.)** |
| 24 Beacon St., Room 124 |
| Boston MA 02133 |
| (617) 722-2100 |
| Bradley.Jones@mahouse.gov |

**City of Woburn MA**
   Woburn City Hall
   10 Common St.
   Woburn MA 01801
   (781) 897-5800
   https://woburnma.gov
   https://en.wikipedia.org/wiki/Woburn,_Massachusetts
   lhiggins@cityofwoburn.com (Lindsay Higgins, City Clerk)

**City of Newton MA**
   City Hall Auditorium and War Memorial
   1000 Commonwealth Ave.
   Newton Centre MA 02459
   (617) 796-1000
   https://www.newtonma.gov
   https://en.wikipedia.org/wiki/Newton,_Massachusetts
   dwillison@newtonma.gov (Drew Willison, City Clerk)

**County of Middlesex MA**
   (Detailed contact information currently unknown; may not "exist")
   https://middlesexcountywebsite.com
   https://en.wikipedia.org/wiki/Middlesex_County,_Massachusetts

**State of MA**
   (Detailed contact information currently unknown)
   Executive Offices of the MA State Government
   MA State House
   24 Beacon St., Room 280
   Boston MA 02133
   https://en.wikipedia.org/wiki/Government_of_Massachusetts

# ADDENDUM B
# SOP "FORM LETTER"

This is the email sent to Cat. #1,3–4 individuals; and also (as hard-copy) to Cat. #5 organizations, as a "subliminal hint" to share with the individuals within their purview (see the Motion, ¶13 above). Observe this email contains the NOCA Cover Letter (Add. A) as an attachment.

The fact that this note was successfully sent/delivered to the email addresses indicated (with only the exceptions noted below), known to be associated with Defendants, indicates that email satisfies the "reliable means of communication" criterion mentioned on the NOCA 2nd page (as expected).

*Note 1:* The email to Bill Mitchell "bounced" (see fn. 7).

*Note 2:* The MDAO advertises only a webform (not an email address), which I used to send them the content of the Form Letter email.

*Note 3:* The email to police@woburnpd.com (which had formerly been advertised on the Woburn website, but has now disappeared) also bounced, but I found an "Anonymous Tip" webform (https://woburnma.gov/government/police/submit-an-anonymous-tip/) that I used instead (as with Note 2 above).

*— 14 / 14 —*

**Subject**   Notice of Civil Action
**Date**      Tuesday 07 July 2026 12:53:35 PM (-04:00)
**From**      Walter Tuvell <walt.tuvell@gmail.com>
**To**        Middlesex.clerksoffice@jud.state.ma.us, lgemme@ci.reading.ma.us,
              cmwoburndc@jud.state.ma.us, police@woburnpd.com, cmnewtondc@jud.state.ma.us,
              AppealsCtClerk@appct.state.ma.us, MDAOConvictionIntegrity@state.ma.us,
              SJCCommClerk@sjc.state.ma.us, philiparnel@arnellaw.com,
              Bradley.Jones@mahouse.gov, lhiggins@cityofwoburn.com, dwillison@newtonma.gov,
              jon.chalmers@jud.state.ma.us, arthur.deguglielmo@jud.state.ma.us,
              lawrence.okstein@jud.state.ma.us, sarah.mead@jud.state.ma.us,
              casey.berlo@jud.state.ma.us, william.mitchell@jud.state.ma.us,
              megan.rodriguez@jud.state.ma.us
**Attachments** NoticeOfCivilAction.pdf


To Addressees —

You, and/or some individuals within your purview (as listed on p. 3 of the attached
document), are being sued. Please forward this note to those you can contact.

Details (including access to the Complaint and Summons) are given in the attachment, which
is also available at https://f002.backblazeb2.com/file/PublicSharedFiles/Tuvell-v-
Haley/NoticeOfCivilAction.pdf.

— Walter Tuvell